IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE EDWARD SLADKY and ELVIRA TULIO SLADKY,

    Debtors.
_____/

CAROL WU, Chapter 7 Trustee, GEORGE EDWARD SLADKY and ELVIRA TULIO SLADKY,

    Plaintiffs,

  v.

LLP MORTGAGE, LTD., its assignees and/or successors,

    Defendants.
_____/

No. C 13-01083 WHA

**ORDER DENYING MOTION TO WITHDRAW REFERENCE AND VACATING HEARING**

## INTRODUCTION

In this bankruptcy adversary proceeding, defendant LLP Mortgage, Ltd. requests that reference of the action to bankruptcy court be withdrawn. For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

In February 2007, plaintiffs George Sladky and Elvira Sladky obtained a loan in the amount of $495,000 for a property in the County of Santa Clara. Plaintiffs executed a promissory note and deed of trust. One year later, a notice of default was recorded against

the property and proceedings began under one deed of trust. In February 2010, a rescission of notice of default and election to sell under deed of trust was recorded against the property. In May 2011, a notice of default was recorded against the property, and three months later, a notice of trustee's sale was again recorded against the property. In January 2012, an auction was held and a trustee's deed upon sale was recorded, conveying the property to defendant LLP Mortgage, Ltd.

In April 2012, plaintiffs filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California (No. 12-53103). In June 2012, plaintiffs filed a complaint to commence a bankruptcy adversary proceeding (No. 12-5126). The adversary complaint alleges the following claims: (1) determinations of the validity, extent and priority of liens, (2) declaratory judgment, (3) injunctive relief, (4) wrongful foreclosure, (5) slander of title, and (6) violation of California Business and Professions Code Section 17200. The complaint alleges that an assignment of the deed of trust was not recorded, and that it did not result in an assignment of the related promissory note. It also alleges that the assignment of the deed of trust and various foreclosure-related documents are invalid because they were signed by unauthorized persons. As a result, the complaint challenges defendant's standing to foreclose.

In March 2013, defendant filed the instant motion to withdraw reference of the adversary complaint to bankruptcy court. In bankruptcy court, a hearing is scheduled for June 7, 2013, for a motion to dismiss an adversary proceeding filed by defendant, *ex parte* motion for temporary restraining order filed by plaintiffs, and a motion for preliminary injunction filed by plaintiffs.

**ANALYSIS**

Pursuant to 28 U.S.C. 157, matters considered "core proceedings" are those in which the bankruptcy court may enter appropriate orders and judgments, and matters considered "non-core proceedings" are those in which the bankruptcy court may hear, but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review. Actions that do not depend on bankruptcy laws for their existence and that

could proceed in another court are considered "non-core." *Sec. Farms v. Int'l Bhd.*, 124 F.3d 999, 1008 (9th Cir. 1997).

After determining whether the matter at issue is "core" or "non-core," the district court has authority for permissive withdrawal as governed by 28 U.S.C. 157(d), providing that "[t]he district court may withdraw . . . any case or proceeding referred [to the bankruptcy court] on its motion or on timely motion of a party, for cause shown." In determining whether cause exists, our court of appeals determined that the following factors should be considered: the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors. *Sec. Farms*, 124 F.3d at 1008.

### 1. CORE CLAIMS.

Defendant argues that plaintiffs' claims are non-core claims because they consist of purely state law and do not depend on bankruptcy laws for their existence (Br. 8). It further argues that plaintiffs are challenging the validity of a trustee sale that was completed before they filed for bankruptcy, and therefore core proceedings are not involved (Br. 8). Plaintiffs, however, argue that this is a core proceeding because its first claim for relief is a request that the court determine the validity, extent and priority of defendants' purported lien upon plaintiffs' real property (Opp. 14).

This order agrees with plaintiffs because their first, and main, claim is derived directly from the list provided by statute. Pursuant to 28 U.S.C. 157(b)(2)(K), "determinations of the validity, extent, or priority of liens" is in the list of core proceedings over which the bankruptcy court has jurisdiction. Because plaintiffs' first claim is enumerated by statute, it is a core claim.

As to the remaining claims, a bankruptcy judge can "hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. 157(c)(1). Here, the state law claims are related to the property, and the bankruptcy case, in question. Therefore, these claims can be heard by a bankruptcy judge along with the core claim.

3

**2.** ***SECURITY FARMS* FACTORS.**

The factors for "cause" will now be analyzed.

### A. The Efficient Use of Judicial Resources.

Plaintiffs argue that withdrawal of the reference would be an inefficient allocation of judicial resources because the bankruptcy court is already familiar with the facts and issues of the case (Opp. 16). This order agrees. The bankruptcy court has had this case since June 2012 and multiple motions have been briefed including a motion to dismiss, a motion for preliminary injunction, and a motion for relief from automatic stay. At this point, the bankruptcy court has invested substantial time and effort in moving the action along.

Defendant argues that unnecessary costs can be avoided by having a single proceeding because bankruptcy judges do not have the power to render a final judgment in a non-core proceeding, and as such, the case will be reviewed de novo by the district court (Br. 8–9). This argument fails because, as stated above, these proceedings involve at least one core issue.

### B. Delay and Costs to the Parties.

Plaintiffs argue that withdrawal of the reference will cause great delay and costs (Opp. 16). This order agrees, particularly because defendant filed the instant motion nine months after the adversary proceedings commenced in bankruptcy court. This delay has already caused the parties to invest time and resources.

### C. Uniformity of Bankruptcy Administration.

Defendant argues that because the trustee sale was completed before plaintiffs filed their bankruptcy petition, the property is not part of the bankruptcy estate (Br. 9). While this may turn out to be the case, this issue is better handled by the bankruptcy court that has already reviewed the materials in this proceeding and can better determine whether there is a valid claim. In fact, there is currently a motion to dismiss pending in bankruptcy court, which will resolve the issue of whether there are any valid claims.

### D. Prevention of Forum Shopping.

Plaintiffs argue that defendant is bringing this motion because it is not satisfied with the rulings made by the bankruptcy court (Opp. 17). This accusation is unsubstantiated.

4

Defendant's argument that the claims will have to be reviewed by the district court de novo is likewise not persuasive because it presumes that the claims are non-core claims (Br. 9). Nonetheless, to reduce the likelihood of forum shopping, it is best that the instant proceedings remain in the bankruptcy court.

## CONCLUSION

Defendant LLP Mortgage, Ltd.'s motion to withdraw reference of this adversary action to bankruptcy court is **DENIED**. The hearing on this motion set for May 2, 2013, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE